**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 26 C 6243 |
| v. | ) ) ) | District Judge |
| NEWCO TRANSPORTATION SERVICES, INC., a Michigan corporation; MAGRA INC., a Michigan corporation; and MURRELL ENTERPRISES, INC., a Michigan corporation, | ) ) ) ) ) ) | Magistrate Judge |
| *Defendants*. | ) | |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants allege as follows:

**JURISDICTION AND VENUE**

1.      This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a partial withdrawal from a multiemployer pension plan.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Newco Transportation Services, Inc. ("Newco Transportation") is a corporation organized under the laws of the State of Michigan.

8. Defendant Magra Inc. ("Magra") is a corporation organized under the laws of the State of Michigan.

9. Defendant Murrell Enterprises, Inc. ("Murrell") is a corporation organized under the laws of the State of Michigan.

## CLAIM FOR RELIEF

10. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. On December 31, 2023, Newco Transportation directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Magra.

12. On December 31, 2023, Newco Transportation directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Murrell.

13. On December 31, 2023, Newco Transportation, Magra, and Murrell were a group of trades or businesses under common control (the "Newco Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

14. The Newco Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

15.     During all relevant times, Magra was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Magra was required to make contributions to the Pension Fund on behalf of certain of its employees.

16.     As a result of a decline in the Newco Controlled Group's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2023, the Newco Controlled Group effected a "partial withdrawal" from the Pension Fund within the meaning of section 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

17.     As a result of this partial withdrawal, the Pension Fund determined that the Newco Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $6,834,883.77, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

18.     On or about January 27, 2026, the Newco Controlled Group, through Newco Transportation, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

19.     In the notice and demand, the Pension Fund demanded full payment of the entire amount of the withdrawal liability by February 1, 2026, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund's Plan Document. The amount demanded was $6,834,883.77, the balance owed at that time on the withdrawal liability.

20.     The Newco Controlled Group did not request review pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2), and timely requesting review is a

statutory prerequisite to initiating arbitration under section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1). Therefore, the Newco Controlled Group has waived its right to dispute the liability. Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

21. The Newco Controlled Group has failed to make the required withdrawal liability payment to the Pension Fund.

22. Each of the Defendants, as members of the Newco Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

> (i) the unpaid withdrawal liability payment in the amount of $6,834,883.77;
>
> (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;
>
> (iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and
>
> (iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established

by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest

is charged, compounded annually; and

      (c)    Such further or different relief as this Court may deem proper and just.

               Respectfully submitted,


               */s/Anthony E. Napoli*
               Anthony E. Napoli
               Attorney for Plaintiffs
               Central States Funds
               8647 W. Higgins Road, 8th Floor
               Chicago, Illinois 60631
               (847) 939-2469
               ARDC # 06210910
May 28, 2026               tnapoli@centralstates.org